UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY RAY,

            Plaintiff,

v.                                              CASE NO. 09-14346
                                              HONORABLE GERALD E. ROSEN

MICHIGAN COURT OF APPEALS,
CHRISTOPHER M. MURRAY,
MICHIGAN SUPREME COURT, and
ROBERT P. YOUNG, JR.,

            Defendants.
_____/

## **ORDER OF DISMISSAL**

### I.  Introduction

      State prisoner John Henry Ray has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Defendants are the Michigan Court of Appeals, Court of Appeals Judge Christopher M. Murray, the Michigan Supreme Court, and Michigan Supreme Court Justice Robert P. Young, Jr.

      The complaint alleges that, in 2006, Plaintiff filed a legal malpractice complaint against attorney Todd R. Perkins.  On October 5, 2007, the trial court granted Mr. Perkins' motion for summary disposition and dismissed Plaintiff's complaint with prejudice.  Plaintiff appealed the trial court's decision, but then-Chief Judge Pro Tem Christopher M. Murray dismissed his claim of appeal for lack of jurisdiction because Plaintiff failed to file his appeal within twenty-one days of the trial court's decision.  *See Ray v. Perkins*, No. 281591 (Mich. Ct. App. May 8, 2008).  The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the

questions presented to it.  *See Ray v. Perkins*, 483 Mich. 855; 759 N.W.2d 192 (2009).[1]

Plaintiff alleges that the defendants' acts and omissions deprived him of his constitutional right of access to the state courts.  He seeks to have this Court reverse the state courts' decisions and remand his case to the state courts for further proceedings.

## II.  Discussion

Section 1983 of Title 42, United States Code, reads in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law.  *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for a lawsuit, his or her civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

---

[1] Chief Justice Marilyn Kelly and Justice Diane M. Hathaway voted to remand the case to the Michigan Court of Appeals for consideration as on leave granted.

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

Prisoners enjoy a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Wilson v. Klein*, 75 F. App'x 479, 480 (6th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996), and *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999)). Plaintiff's state complaint was not protected by his constitutional right of access to the courts because "the right of access does not extend to legal malpractice actions." *Id.* (citing *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995)).

Furthermore, "a state court is not a 'person' within the meaning of that term as used in § 1983," *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)), and judges generally are immune from suits for injunctive relief. *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). The judges in Plaintiff's state court action were acting in their judicial capacities, and because Plaintiff has not shown that a

declaratory decree was violated or that declaratory relief was unavailable, Judge Murphy and Justice Young enjoy immunity from Plaintiff's claim for injunctive relief.

Plaintiff essentially seeks a writ of mandamus compelling the defendants to reconsider their decisions and actions. "[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970) (citing *Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966), and *Campbell v. Washington State Bar Ass'n*, 263 F. Supp. 991 (W.D. Wash. 1967)).

### III. Conclusion

Plaintiff's allegations lack an arguable basis in law and fail to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 8, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on ⎯⎯December 8, 2009⎯⎯, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 John Ray, #233659, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600. Munising, MI 49862 .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137